United States District Court
Southern District of Texas

**ENTERED**

June 10, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUPE FLORENCIO GAMEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2014 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Lupe Florencio Gamez is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He filed a petition for a writ of habeas corpus.

Gamez pled guilty to felony driving while intoxicated in the 27th Judicial District Court of Bell County, Texas, and received a sentence of five years imprisonment. Gamez's petition contends that he was denied due process and effective assistance of counsel in a prison disciplinary hearing resulting in the forfeiture of 30 days of accrued good time credit, a reduction in time earning class, and loss of privileges. He does not challenge his conviction or sentence.

## I.   Background

Gamez's petition concerns forfeiture of accumulated time credits and reduction in time earning status.   He does not challenge his conviction or sentence. Therefore, a detailed discussion of the facts of his crime and trial is not necessary.

On August 13, 2013, Gamez was notified that he was being charged with a disciplinary violation for failing to obey orders. DHR at 1.[1]  On August 26, 2013, Gamez was found guilty of the violation in a prison disciplinary hearing.   The Disciplinary Hearing Officer assessed

---

[1]     "DHR" refers to the Disciplinary Hearing Records, docketed as docket entry No. 13-2.

1 / 5

Gamez's punishment at 45 days loss of commissary and recreation privileges, a reduction in line class from S3 to L1, and loss of 30 days good time credit.  *Id.*

On August 29, 2013, Gamez filed a Step One Grievance appealing the result of the disciplinary hearing.  DGR at 2.[2]  The grievance was denied on November 18, 2013.

Gamez filed a Step Two Grievance on November 27, 2013.  The Step Two Grievance was denied on December 4, 2013.  *Id.* at 4.[3]

Gamez also filed a time dispute resolution with the TDCJ.  Gamez does not include his dispute resolution form with his response to the motion for summary judgment, but the response to his request states that the request was received by TDCJ on September 4, 2014.  TDCJ responded on October 29, 2014 that the time calculation was correct.  Petitioner's Exh. J.  Gamez filed this federal petition for a writ of habeas corpus on July 1, 2015.

## II.     Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).  In this case, petitioner is not challenging his conviction.  Rather, he is challenging his forfeiture of good time credit and reduction in time earning status.  Therefore, under 28 U.S.C. § 2244(d)(1)(D), the limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[2]     "DGR" refers to the Disciplinary Grievance Records, docketed as Docket No. 13-1.

[3]     Gamez claims that he was given inaccurate information regarding the grievance process, resulting in his filing a second Step One Grievance on October 16, 2013.  The denial of this grievance is undated, but the Step Two Grievance following up this denial is dated November 20, 2013.  *See* Exhibit I to Petitioner's Response to Motion for Summary Judgment.

The loss of time credit and reduction in class were imposed on August 26, 2013.  Gamez thus knew of the factual predicate of his claims on that date, and his federal petition was due by August 26, 2014, absent tolling.

The federal habeas corpus statute provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .."   28 U.S.C. § 2244(d)(2). Gamez's grievances tolled the limitations period for 95 days, from August 29, 2013 to November 18, 2013, and from November 20, 2013[4] to December 4, 2013.  Gamez's challenge through TDCJ's time credit dispute resolution system tolled the limitations period for an additional 55 days, from September 4, 2014 to October 29, 2014.  *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Gamez's limitations period was thus tolled for 150 days, extending the deadline for filing his federal petition from August 26, 2014 to January 23, 2015. Gamez signed his federal petition on July 1, 2015, more than five months after time expired.  Therefore, his petition is time-barred.

## III.   Conclusion

For the foregoing reasons, Gamez's petition is barred by the statute of limitations.  His petition must be dismissed with prejudice for the reasons stated in this opinion.

## IV.   Certificate of Appealability

Gamez has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")

---

[4]   The Court will give Gamez the benefit of the doubt and assume that his second Step One grievance was properly filed and tolled the limitations period.

A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Gamez's petition.  The Court finds that reasonable jurists would not find it debatable that the petition is foreclosed by the statute of limitations.  This Court concludes that Gamez is not entitled to a certificate of appealability.

## V.      Order

For the foregoing reasons, it is ORDERED as follows:

1.      Respondent Lorie Davis' motion for summary judgment (Dkt. No. 14) is

GRANTED;

2.      Petitioner Lupe Florencio Gamez's Petition for Writ of Habeas Corpus (Dkt. No.

1) is DISMISSED AS TIME-BARRED; and

3.      No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum

and Order.

SIGNED on this 9th day of June, 2016.

_____

Kenneth M. Hoyt
United States District Judge